(68 Misc. Rep. 400.)

### LUDLOW v. RECTOR, ETC., OF ST. JOHN'S CHURCH.

(Supreme Court, Special Term, Suffolk County.   June Term, 1910.)

1. DEDICATION (§ 17*)—CHURCH AND CEMETERY USE—WHAT CONSTITUTES.

A certain family allowed a cemetery and church to be erected on a certain plot of their property in 1765.   In 1841 the church was rebuilt, and in 1872 the living members of the family declared that they held the property in trust; the family having title to it all the while.   *Held*, that the property was dedicated for church and cemetery purposes.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 31, 32, 48, 49; Dec. Dig. § 17.*]

2. FRAUDS, STATUTE OF (§ 63*)—DEDICATION.

A dedication of real property may be made without writing, as well as by deed, since the dedication of property has respect to the possession,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and not the permanent estate, and the owner does not part with his title, but only estops himself from asserting it while the dedication is in force.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 97–104.; Dec. Dig. § 63.*]

3. RELIGIOUS SOCIETIES (§ 33*)—PROPERTY—ACQUISITION—CONSTRUCTION OF INSTRUMENT.

In 1765 a church, with a burial ground annexed, was built on land belonging to the N. family. In 1801 the church was incorporated under the name of "St. John's Church, Islip." In 1841 the church was rebuilt. In 1871, the title to the land having remained in the N. family all the time, the congregation reincorporated under the name of the "Rector, Churchwardens and Vestrymen of St. John's Church in the town of Islip, Suffolk County, New York"; the husband of the then holder of the title to the land being one of the incorporators and their son one of the vestrymen. The church was generally and ecclesiastically known as "St. John's Church, Islip." In 1872 the owner of the land and her husband executed a deed declaring that they held the land in trust for "St. John's Church, Islip." Held, that the beneficiary was intended to be the corporation created in 1871 and not the earlier one.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. § 216; Dec. Dig. § 33.*]

4. TRUSTS (§ 136*)—STATUTE OF USES—PASSIVE TRUST—INTERESTS OF TRUSTEE.

The deed to certain property creating a naked trust therein to a certain church, passed the title to such beneficiary under 1 Rev. St. pt. 2, c. 1, tit. 2, §§ 49, 50, providing that the trustee of such trusts created by deed shall have no legal or equitable interest in the property.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 179; Dec. Dig. § 136.*]

5. RELIGIOUS SOCIETIES (§ 35*) — DISSOLUTION — EFFECT AS TO PROPERTY RIGHTS.

Although a certain church corporation may have ceased to exist as a recognized ecclesiastical body, yet where it is still a body incorporated under the laws of the state of New York, it has not been devested of the title to property which it was authorized to take.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 212–215; Dec. Dig. § 35.*]

Action by Mary McLean Ludlow against the Rector, Churchwardens and Vestrymen of St. John's Church in the Town of Islip, Suffolk County, New York, to quiet title. Judgment for defendant.

Joseph M. Belford, for plaintiff.

Joseph Wood and Timothy M. Griffing, for defendant.

CRANE, J. This action is brought to have it adjudged that the defendant has no interest in or title to the building and surrounding cemetery known as St. John's Church and Churchyard at Oakdale, Long Island.

Assuming that the plaintiff has had that possession which enables her to maintain this action under article 5, tit. 1, c. 14, of the Code of Civil Procedure, the facts giving rise to this controversy are not disputed, although the parties have drawn from them adverse conclusions. These facts are as follows:

The church and cemetery are on the northerly side of the main south country road adjoining the highway, surrounded on the other

sides by the property of the plaintiff, upon which is her home. She derives her title through the Nicoll family, who owned large tracts of land in this vicinity under patents, including the piece here in question.

In 1765, and while the property was in the Nicoll family, St. John's church was built in its present locality, and certain land adjoining used for a graveyard in which burials commenced as early as 1796.

Pursuant to Laws 1801, c. 79, St. John's Church, Islip, was incorporated under that name by filing in the county clerk's office the certificate provided for in that act. Although the certified copy of the certificate of incorporation marked in evidence and filed with me contains an acknowledgment by one Henry T. Smith, instead of the subscribing witness, Henry T. Nicoll, yet for the purposes of this case I shall assume that it was sufficient to perfect incorporation. It does not appear for how long a time services were continued in the building erected in 1765, or what became of the incorporation or ecclesiastical body technically known as "St. John's Church, Islip." It is fair to suppose, however, that in this sparsely settled country district religious devotions were affected by that irregularity which marks the tendencies and inclinations of generations.

It does appear that in 1841 the church edifice was rebuilt by the erection of the present building and that services were continued therein down to 1875.

During all of the time above mentioned the church and graveyard was on the property of the Nicoll family; the title just prior to 1872 being in Frances Louisa Nicoll Ludlow, wife of William H. Ludlow. The persons worshipping in this church in 1871, including the said William H. Ludlow who was at this time living on the premises adjoining the church plot, incorporated the defendant pursuant to chapter 803 of the Laws of 1868, which provided for the incorporation of Protestant Episcopal Churches. The name adopted in the certificate was that of the Rector, Churchwardens and Vestrymen of St. John's Church in the Town of Islip, County of Suffolk, State of New York, the form generally adopted in the incorporation of Episcopal churches; but the name constantly used in referring to said church was that of St. John's Church, Islip, which was the name used to designate it in the Diocesan Councils.

Seven months after William H. Ludlow had joined with others of the congregation in incorporating this defendant, he united with his wife, Frances Louisa Nicoll Ludlow, in a deed of trust dated May 6, 1872, in which they declared that they held in trust for St. John's Church, Islip, all that piece and parcel of land, describing it by metes and bounds, which constituted the church and cemetery property. This plot, evidently, at this time was well marked, as it is at the present day and separated from the surrounding property by stakes and hedges.

In the incorporation of St. John's Church in 1871, a son of William and Frances Ludlow, Admiral Ludlow, was made a vestryman pursuant to the act; but at the time he was away from home and did

not know until recently of this deed of trust made by his father and mother in May of 1872. When, therefore, he became the owner of the homestead property and by deed of February 15, 1897, conveyed it to his wife, Mary McLean Ludlow, the plaintiff in this action, he included in the description and conveyance the church and cemetery plot.

By reason of this latter deed, the plaintiff claims to be the owner in fee of the church and cemetery, and, as I have before stated, brings this action to quiet any claim made to it on behalf of the defendant church incorporation.

It is undisputed that in this cemetery there are buried not only members of the Nicoll and Ludlow families, but also others of the parish; the total number of marked graves in the churchyard at present being 70 and upwards. Interments have been made from 1796 down to 1901.

From a statement of the above facts, it is very apparent that there was a dedication of the plot in question by the Nicoll family to church and cemetery purposes, and that this spot, chosen by many as the last resting place for their bodies, must be preserved by the living as an inherited trust from disturbance or desecration.

If the plaintiff were the owner of the fee, therefore, she would have but nominal title; the continued use remaining for those to whom it had been dedicated. In Hunter v. Trustees of Sandy Hill, 6 Hill, 407, it was stated regarding similar property and like use:

"Ordinarily, some conveyance or written instrument is required to transmit a right to real property; but the law applicable to dedication is different. A dedication may be made without writing; by act in pais, as well as by deed. It is not at all necessary that the owner should part with the title which he has; for dedication has respect to the possession, and not the permanent estate. Its effect is not to deprive a party of title to his land, but to estop him, while the dedication continues in force, from asserting that right of exclusive possession and enjoyment which the owner of property ordinarily has."

Referring to the dedication of property for cemetery purposes, Judge Beardsley, continuing, said:

"When these graves shall have worn away, when they who now weep over them shall have found kindred resting places for themselves, when nothing shall remain to distinguish this spot from the common earth around, and it shall be wholly unknown as a graveyard, it may be that some one who can establish a good 'paper title' will have a right to its possession."

See, also, Cooper v. First Presbyterian Church, 32 Barb. 222; Pearsall v. Post, 20 Wend. 111.

But, moreover, by the deed of trust dated May 6, 1872, Frances Louisa Ludlow and her husband conveyed the fee of this church and cemetery property to the defendant, where it is at the present time. The fact that there was an incorporation in 1806 known as St. John's Church, Islip, and that this deed of trust of 1872 made use of such name in describing the cestui que trust, is not conclusive upon the intention of the parties. Why it was necessary for the persons worshipping in the edifice known as St. John's Church, Islip, to reincorporate in 1871, does not appear; but the fact that the grantor's

husband was one of the incorporators at that time and made his son a vestryman, together with the fact that this incorporation under the title of the Rector, Churchwardens and Vestrymen of St. John's Church in the Town of Islip, Suffolk County, New York, was thereafter known as St. John's Church, Islip, and called such in the meetings of the Diocese, indicates clearly that this deed of trust made by William and Frances Ludlow was intended to run to and in behalf of the defendant. Evidently for all known purposes the corporation of 1806 had ceased to exist.

As this deed of May 6, 1872, created but a naked trust, the title to the property passed thereby to the cestui que trust by virtue of the provisions of the Revised Statutes (1 Rev. St. p. 728, pt. 2, c. 1, tit. 2, §§ 49, 50).

While the defendant may have ceased to exist as a' recognized ecclesiastical body, and was in 1889 read out of the Diocese of Long Island by vote of the Diocesan Convention, yet, as a body incorporated according to the laws of the state of New York, it has not been divested of the title to property which it was authorized to take.

My conclusion, therefore, is that the inclosure at Oakdale adjoining the Ludlow property known as St. John's Church and Cemetery, Islip, has been dedicated to religious and cemetery purposes, and must so remain, and that the fee title to such property is not in the plaintiff, but in the defendant, and that judgment must be given accordingly.